United States District Court

Eastern District of Louisiana

Campagna

v.                                    CIVIL ACTION NO. 2:00-cv-00270 S (2)

Bedell


The record reflects that a Notice of Removal has been filed in the captioned case; accordingly,

Pursuant to 28 U.S.C. 1447(b), the removing party is directed to file within 10 days:

   (1) A list of all parties still remaining in this action;

   (2) Copies of all pleadings, including answers, filed by those parties in state court; and

   (3) Copies of the return on service of process on those parties filed in state court.

New Orleans, Louisiana, January 27, 2000.

                                           By Direction of the Court

                                           LORETTA G. WHYTE, CLERK



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 JAN 27 P 3: 00

L[...]TE

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MADELINE DEETERS CAMPAGNA | * | CIVIL ACTION 00-0270 |
| AND ALBERTA DEETERS BONNIN | * | |
| | * | NO. |
| VERSUS | * | |
| | * | SECTION " "  SECT. S MAG. 2 |
| THE SUCCESSION OF FRANK | * | |
| BEDELL, CUSTOM BUS CHARTERS, | * | MAGISTRATE ( ) |
| INC., REPRESENTED BY ITS | * | |
| PRESIDENT, DONNA BeGOVICH, | * | |
| AND ITS INSURANCE COMPANY | * | |
| RELIANCE INSURANCE COMPANY, | * | |
| CASINO MAGIC CORPORATION, | * | |
| AND THE INSURERS OF FRANK | * | |
| BEDELL, CASINO MAGIC | * | |
| CORPORATION, AND STATE OF | * | |
| LOUISIANA | * | |
| * * * * * * * * * * * * * * * * * * * * | | |

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:

The removing party, defendant Motor Coach Industries, Inc. (hereinafter "Motor Coach"), a corporation domiciled in Delaware, appearing herein through undersigned counsel, with full reservation of any and all defenses and objections, including insufficiency of process and insufficiency of service of process, respectfully shows the following:



450029-1

1.

On August 20, 1999, this civil action was commenced by the filing of a petition in the Civil District Court for the Parish of Orleans in the State of Louisiana, No. 99-13451 on the docket of that court, entitled "Madeline Deeters Campagna and Alberta Deeters Bonnin v. The Succession of Frank Bedell, Custom Bus Charters, Inc., Represented by its President, Donna BeGovich, and its Insurance Company Reliance Insurance Company, Casino Magic Corporation, and the Insurers of Frank Bedell, Casino Magic Corporation, and State of Louisiana." The Petition names as defendants the Succession of Frank Bedell, Custom Bus Charters, Inc., Casino Magic Corporation, Reliance Insurance Company, ABC Insurance Company (a fictitious entity), and DEF Insurance Company (a fictitious entity). Motor Coach was not named a party in that original petition.

2.

The first time that Motor Coach was named a party herein was in the plaintiffs' "First Supplemental And Amending Petition For Damages" ("First Supplemental and Amending Petition"), which was filed in the Civil District Court for the Parish of Orleans on December 29, 1999.

3.

The First Supplemental and Amending Petition substitutes "Mardi Gras Casino Corporation d/b/a Casino Magic" in place of previously named "Casino Magic Corporation," and also "Hartford Insurance Company" in place of previously named "DEF Insurance Company." The First Supplemental and amending Petition also names as additional defendants Travelers Insurance Company; Royal Insurance Company; the State of Louisiana through the Louisiana Department of Transportation and Development; and Motor Coach Industries, Inc. (The First

Supplemental and Amending Petition also names as an additional defendant XYZ Insurance Company, a fictitious entity whose identity is not disclosed in the First Supplemental and Amending Petition.) Thus, as of January 27, 2000, there are nine (9) named defendants herein.

4.

With the supplementation and amendment of the petition, this action is a matter over which this Court has original jurisdiction by virtue of 28 U.S.C. § 1331, and thus is one that may now be removed to this Court by defendant under the provisions of 28 U.S.C. § 1441 (b), in that it is a civil action arising under the Constitution, laws, or treaties of the United States.

5.

The United States Supreme Court has recognized that "Congress may so completely pre-empt a particular area, that any civil complaint raising this select group of claims is necessarily federal in character" and is thereby removable to federal court. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987).

6.

In enacting the National Traffic and Motor Vehicle Safety Act ("Safety Act"), 49 U.S.C. § 30101, *et seq.*, the United States Congress clearly evidenced an intent to so completely pre-empt the regulation of motor vehicle safety standards, that any civil complaint raising such claims is necessarily federal in character and is thereby removable to federal court.

7.

Additionally, the U.S. Fifth Circuit Court of Appeal has recognized that federal question jurisdiction is present whenever plaintiff asserts "a state-law cause of action requiring the 'resolution of a substantial question of federal law'", thereby rendering plaintiff's complaint

removable to federal court. <u>Torres v. Southern Peru Copper Corp.</u>, 113 F.3d 540, 542 (5th Cir. 1997).

8.

Plaintiffs' complaint herein asserts a state-law cause of action requiring the resolution of substantial questions of federal law, including but not limited to the interpretation, application, and enforcement of the National Traffic and Motor Vehicle Safety Act ("Safety Act"), 49 U.S.C. § 30101, *et seq.*

9.

With the supplementation and amendment of plaintiffs' petition, plaintiffs in this action have filed a complaint against Motor Coach which raises claims that are necessarily federal in character, completely pre-empted by the Safety Act and/or requiring the resolution of substantial questions of federal law. 49 U.S.C. § 30103. See ¶ "E" of the First Supplemental And Amending Petition.

10.

Plaintiffs also named as an additional defendant in their First Supplemental and Amending Petition, the State of Louisiana through the Louisiana Department of Transportation and Development, which on information and belief, Motor Coach avers is immune from suit in this Court by operation of the Eleventh Amendment to the United States Constitution. However, even if the State of Louisiana through the Louisiana Department of Transportation and Development is deemed to be immune from suit herein, the United States Supreme Court has recognized that such immunity "does not destroy removal jurisdiction over the remaining claims in the case. A federal court can proceed to hear those other claims." <u>Wisconsin Dept. of Corrections v. Schacht</u>, 524 U.S. 381, 118 S. Ct. 2047, 141 L.Ed. 2d 364, 375 (1998).

11.

The First Supplemental and Amending Petition was first served on Motor Coach on January 13, 2000. No service of process of the First Supplemental and Amending Petition on any defendant was made prior to December 29, 1999. This notice of removal is therefore being filed within thirty days after filing of, and within thirty days after first receipt, by service or otherwise, by Motor Coach and by any other defendant, of a copy of, an amended pleading from which it may first be ascertained that the action is one that has become removable, all as required by 28 U.S.C. § 1446(b).

12.

Copies of all process, pleadings and orders served on Motor Coach are attached to this notice as Exhibit "A".

13.

All served defendants consent to this Notice of Removal except the State of Louisiana through the Louisiana Department of Transportation and Development, whose consent is not needed herein because it is not subject to the jurisdiction of this Court, under the Eleventh Amendment to the United States Constitution. Consents to Removal are attached hereto as Exhibit "B".

14.

Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being filed with the Civil District Court for the Parish of Orleans, State of Louisiana, and will be served on plaintiffs' counsel.

15.

Motor Coach reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE** Motor Coach hereby removes the action now pending against it in the Civil District Court for the Parish of Orleans, State of Louisiana, Civil Action No. 99-13451, to this Honorable Court.

```
_____
W. Anthony Toups, III (# 18472), T.A.
William F. Grace, Jr. (# 6199)
Jonathan C. McCall (# 9227)
Carmelite M. Bertaut (# 3054)
CHAFFE, MCCALL, PHILLIPS,
TOLER & SARPY, L.L.P.
504-585-7000
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
```
**COUNSEL FOR DEFENDANT
MOTOR COACH INDUSTRIES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of January, 2000, I have served a copy of the foregoing Notice of Removal on counsel for all parties to this proceeding, by facsimile, hand-delivery, and/or by depositing same in the United States mail, properly addressed, and first-class postage prepaid.

_____